## In re WEINGARTNER.
### Patent Appeal No. 2975.

Court of Customs and Patent Appeals.
May 23, 1932.

William A. Smith, Jr., and Charles H. Howson, both of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

The claims involved in this appeal are combination claims, and the usual difficulty is presented of determining whether the combination is inventive, in view of prior art cited, in which prior art are found combined elements analogous in principle to the combined elements of the claims, but requiring modification in order to meet the claims. As to certain of the claims, there is also the question of direct anticipation, and as to others the question of aggregation.

A number of claims were allowed by the Primary Examiner; those on appeal being rejected, of course, both by the Examiner and the Board of Appeals.

The application, by the designation in its title, relates to gearing for stokers, and fourteen claims are before us for review. In the oral argument before us appellant selected claim 21 as representative, and same is herewith quoted: "21. A stoker-drive power-box comprising a spur gear train, the elements of which are permanently in mesh, said train including detachable relatively low and high-speed sections, the latter having a pair of orbit gears; and means positioned between said orbit gears for selectively locking the same."

Also we quote claims 7, 9, and 26, so as to cover all elements:

"7. A power box for stoker control comprising a supporting frame; a driving shaft; a driven crank shaft adapted to operate stoker mechanism; a gear on said crank shaft intermediate successive cranks; a train of low-speed balanced gearing operatively associated with said gear; a train of high-speed gearing actuated by said driving shaft; and safety means for mechanically connecting said trains of gears; said high speed gearing including selective means for varying the speed thereof."

"9. Power-transmission apparatus comprising a pair of orbit gears having adjacent shoulders; and a locking member movable into engagement with one or the other of said shoulders, respectively."

"26. A compact power transmission unit adapted for stoker operation comprising a spur gear system including as component parts thereof a slow-running heavy-duty gear system and a high-speed planetary gear system, said high-speed planetary system in-

cluding means for selectively controlling the output speed of the unit."

Numerous references were cited as follows: Fergusson, 704699, July 15, 1902; Riley, 1,090,651, March 17, 1914; Morse, 1,160,311, November 16, 1915; Alquist, 1,-220,811, March 27, 1917; Ogawa, 1,253,710, January 15, 1918; Alpern, 1,271,649, July 9, 1918; Wyatt (Brit.), 3,128, February 10, 1903; Hemingway et al. (Brit.), 140,565, of 1920.

Of these references Fergusson, Wyatt, and Hemingway were primarily relied upon, being, indeed, the only ones referred to by the Board of Appeals.

The title of Fergusson's patent is "Transmission-Gear"; its stated object being " * * * to provide a simple, strong, and noiseless transmission-gear which is composed of few parts and in which the wear is reduced to a minimum."

Fergusson's transmission shaft carries a driving pinion meshing with planet pinions that co-operate with a wheel. The power is transmitted by the driven pinion to the gear wheel on the driving axle. It, apparently, was designed primarily for use on a motor vehicle.

The Wyatt patent recited as its title "Improved Variable Speed Gear applicable for Motor Cycles."

An axle of the motor carries a high driving gear and a low driving gear which respectively co-operate with two pinions; the respective gears being toothed internally, and each having a brake or friction band. There is a central lever which operates rods that respectively control these brakes or friction bands. A frame having two discs carries the chain wheel.

Hemingway's patent is entitled "Improvements in Change Speed Gears," and recites that it is " * * * especially applicable to self-propelled vehicles of any kind or size."

It seems to have a three speed forward and one speed reverse gear box. A lever has a part which may be rocked so as to engage parts that will bring one or the other of two different gear ratios into effect.

The Wyatt and Hemingway patents are British.

Appellant's principal argument is based on the remoteness of the art in which the patents were utilized from that of the mechanical stokers art. Also it is claimed that by compactness much space is saved.

Emphasis is placed upon the fact that for stoker operation the mechanism must undergo exceedingly heavy strains, and hence requires a strength and ruggedness in all its parts much greater than is required in the parts of the devices of the references.

The brief of the solicitor, however, directs attention to the fact that seven of the fourteen claims, viz. 9, 14, 17, 18, 19, 20, and 24, make no mention of the art in which the mechanism defined by them is employed and contain nothing which limits them to stoker gears. They relate simply to power transmission apparatus; different designations being used in the different claims for naming the units or system.

There is nothing in these claims to show any necessity for strength or ruggedness, and nothing to indicate that those elements of the references which correspond to elements of the claims would have to undergo modification in order to be of use in the system at issue. Nor is compactness recited as a feature of the claims.

It is also argued by the Solicitor for the Patent Office that it is only in the preamble or introductory phrases of the other seven claims that there is any limitation of them to stokers, and that the principle stated in Re Dawe, 53 F.(2d) 543, 19 C. C. P. A. ——, following Braren v. Horner, 47 F.(2d) 358, 18 C. C. P. A. 971, and cases therein cited, is here applicable.

It seems to us that there is some confusion in this case upon the question of remote art. The actual art involved is, after all, that of gearing. That likewise was the specific art dealt with in the patent of reference. Therefore, while the fields of use of the respective devices differ, the art itself is the same.

In so far as the claims on appeal are concerned, we are unable to discern wherein appellant has exercised anything more than mechanical skill in modifying the elements involved in the prior gearing art cited, so as to fit them for use in the field to which he desired to adapt them.

With the allowed claims we are not concerned, but it is to be presumed that such features of novelty in modification of elements and arrangement of combination as were inventive in their nature received recognition by their allowance.

Not being convinced that there was error in the decision of the Board of Appeals, the same is affirmed.

Affirmed.